IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY MORETTO,<br><br>        Plaintiff,<br><br>   vs.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>        Defendant.<br>_____/ | CASE NO. CV-F-04-6158 LJO<br><br>**ORDER TO DISMISS ACTION FOR FAILURE TO FILE OPENING BRIEF AND TO COMPLY WITH COURT ORDERS** |

**BACKGROUND**

Plaintiff Mary Moretto ("plaintiff") proceeds pro se and in forma pauperis in this action seeking judicial review of an administrative decision denying plaintiff's claim for benefits under the Social Security Act.

This Court issued its August 25, 2004 Scheduling Order to require plaintiff to file and serve an opening brief within 30 days of the letter brief of defendant Jo Anne B. Barnhart, Commissioner of Social Security ("Commissioner"). This Court issued its March 30, 2005 Order Regarding Plaintiff's Papers to further explain to plaintiff that plaintiff's opening brief is due within 30 days after the Commissioner's letter brief. The March 30, 2005 order advised plaintiff that "**failure to file an opening brief within 30 days after service of the Commissioner's letter brief will result in dismissal of this action**." (Bold in original.)

The U.S. Attorney for the Eastern District of California represents the Commissioner in this

action and informed this Court that the Commissioner served plaintiff a confidential letter brief on May 24, 2005.  In the absence of plaintiff's opening brief, this Court issued its June 28, 2005 order to require plaintiff, no later than July 8, 2005, to show cause in writing why sanctions, including dismissal of this action, should not be imposed for plaintiff's failure to file an opening brief and to comply with this Court's orders.  The June 28, 2005 order to show cause admonished plaintiff "**that failure to timely comply with this order will result in dismissal of this action.**"  (Bold in original.)

With her July 1, 2005 letter, plaintiff requested a 30-day extension to file her opening brief.  This Court's July 8, 2005 order granted plaintiff an extension up to August 8, 2005 to file an opening brief.  The July 8, 2005 order admonished plaintiff "**that failure to timely comply with this order will result in dismissal of this action.**"  (Bold in original.)  Plaintiff failed to timely file an opening brief.

This Court's August 10, 2005 order required plaintiff, no later than August 24, 2005, to show cause in writing why sanctions, including dismissal of this action, should not be imposed for plaintiff's failure to file an opening brief and to comply with this Court's orders.  The August 10, 2005 order admonished plaintiff "**that this is a final warning and that failure to timely comply with this order will result in dismissal of this action.**"  Plaintiff failed to respond to the August 10, 2005 order to show cause.  In disregard of this Court's orders, plaintiff has failed to file an opening brief.

## DISCUSSION

This Court's Local Rule 11-110 provides that ". . . failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case."  *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to obey a court order or local rules.  *See, e.g. Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to

1  comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack
2  of prosecution and failure to comply with local rules).

3        In determining whether to dismiss an action for failure to obey a court order, a court must
4  consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's
5  need to manage its docket; (3) the risk of prejudice to defendant; (4) the public policy favoring
6  disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782
7  F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-1261;
8  *Ghazali*, 46 F.3d at 53.

9        In this case, the Court finds that the public's interest in expeditiously resolving this litigation and
10 the Court's interest in managing the docket weigh in favor of dismissal as plaintiff has not advanced this
11 action by failing to file an opening brief and to respond to this Court's orders.  The third factor -- risk
12 of prejudice to defendant -- also weighs in favor of dismissal, since a presumption of injury arises from
13 the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524
14 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is
15 greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to
16 a party that his failure to obey an order will result in dismissal satisfies the "consideration of
17 alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-133; *Henderson*, 779 F.2d
18 at 1424.

19       The August 24, 2004 Scheduling Order provided: "Violations of this order or of the federal or
20 local rules of procedure may result in sanctions pursuant to Local Rule 11-110."  The March 30, 2005
21 order advised plaintiff that "**failure to file an opening brief within 30 days after service of the**
22 **Commissioner's letter brief will result in dismissal of this action**." (Bold in original.)  The June 28,
23 2005 order to show cause warned plaintiff that "**failure to timely comply with this order will result**
24 **in dismissal of this action.**" (Bold in original.)  The July 8, 2005 order granted plaintiff an extension
25 to August 8, 2005 to file an opening brief and admonished plaintiff "**that failure to timely comply with**
26 **this order will result in dismissal of this action.**" (Bold in original.)  Finally, the August 10, 2005
27 order to show cause admonished plaintiff that "**this is a final warning and that failure to timely**
28 **comply with this order will result in dismissal of this action.**"  Thus, plaintiff received more than

3

adequate warning that dismissal would result from failure to file an opening brief and to comply with this Court's orders.

## CONCLUSION AND ORDER

Accordingly, this Court DISMISSES this action without prejudice pursuant to Local Rule 11-110 for plaintiff's failure to file an opening brief and to comply with this Court's orders. This Court DIRECTS the Court's clerk to enter judgment in conformance with this order and in favor of defendant Jo Anne B. Barnhart, Commissioner of Social Security, and against plaintiff Mary Moretto.

IT IS SO ORDERED.

**Dated:   August 29, 2005**            /s/ Lawrence J. O'Neill
66h44d                                    UNITED STATES MAGISTRATE JUDGE